Elizabeth G. Daily, OSB #111758
Assistant Federal Public Defender
Email: Liz_Daily@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAYLA HARTLEY,<br><br>Defendant. | Case No. 3:25-cr-00295-IM<br><br>MOTION TO EXTEND SELF-SURRENDER DATE |

**Introduction**

The defendant, Kayla Hartley, through her attorney, Elizabeth G. Daily, respectfully moves this Court to grant a 90-day extension of the date for her self-surrender, which is currently set for September 10, 2026. This motion rests on two bases. The first and most critical basis is the health of Ms. Hartley's infant son, S, who at 16 months is still breastfed as an important part of recovering from health issues at birth. Second, Ms. Hartley seeks time to dismiss her direct appeal and prepare a motion to vacate her conviction and sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. Ms. Hartley only recently received the necessary advice of counsel to take those steps, and 90 days will allow her to seek release in connection with that motion if the Court deems it sufficiently meritorious.

The government through Assistant United States Attorney Andrew Ho takes no position on this motion.

**Procedural History**

Ms. Hartley was indicted on July 15, 2025, for conspiracy to violate the Clean Water Act. 18 U.S.C. § 371, as well as a substantive violation of the Clean Water Act, 33 U.S.C. § 1317(d) & 1319(c)(2)(A). ECF 1. The charges were based on conduct that occurred nearly five years earlier, ending in December 2020. *Id.* She was represented by retained counsel, Jeffrey Turnoy. Ms. Hartley was released on her own recognizance pretrial. ECF 6.

Six months later, on January 21, 2026, Ms. Hartley pleaded guilty to Count 1, conspiracy. In her plea agreement, she admitted that she was director of operations for a company that, without a proper permit, accepted industrial wastewater for disposal and discharged it into the sanitary sewer system. ECF 19 at 2–4. The plea agreement included a standard appeal waiver which waived most of her rights on direct appeal but reserved her right to file a motion under 28 U.S.C. § 2255 based on ineffective assistance of counsel. ECF 19 at 5–6.

In advance of sentencing, the Probation Office prepared a presentence report that confirmed Ms. Hartley's success on pretrial release. PSR ⁋ 17. The presentence report also identified two prior misdemeanor convictions for driving under the influence of intoxicants, one of which occurred in 2008 when Ms. Hartley was just 18 years old, and the other followed the 2023 death of her father. PSR ⁋⁋ 64–65. Ms. Hartley has no other criminal history.

The government requested a sentence of five months in custody and five months on home confinement. The probation office and the defense both recommended a probationary sentence. The defense sentencing memorandum reported that Ms. Hartley has stable housing and familial support and that she is the primary caretaker for three children: her infant son, S (born in April

2025), and her two step-children, one of whom is severely autistic and has special needs. ECF 27 at 10, 17 & n. 17 (noting that S continues to breastfeed). On May 21, 2026, the Court sentenced Ms. Hartley to five months in Bureau of Prisons (BOP) custody. ECF 29. Acknowledging Ms. Hartley's role as a child caretaker, the Court provided additional time to self-surrender and gave her a surrender date of September 10, 2026. ECF 29 (Judgment); ECF 40 at 27 (Sentencing Transcript).

**Reasons for 90-Day Extension of Self-Surrender Date**

Ms. Hartley does not seek to delay her self-surrender indefinitely. Rather, she seeks a limited, 90-day extension. The Court should grant the request for two reasons.

First and foremost is the health of Ms. Hartley's infant son, S, who is now 16 months old and continues to breastfeed. As a newborn, S had significant problems gaining weight. *See, e.g.*, Ex. 1 (screenshots from MyHealth chart). A month after his birth, he still weighed less than his original birthweight. Ex. 1. Breastfeeding has been important to ensuring that S receives proper nutrition and is able to grow and develop appropriately. For the first three to four months of his life, Ms. Hartley took him to the doctor on a daily and later a weekly or biweekly basis to assess his growth and breastmilk intake. Today, S is healthy and gaining weight. Ex. 2 (Letter from Sarah Matney, NP, dated Aug. 26, 2026). Breastfeeding remains an important part of that success and Ms. Hartley would like to continue breastfeeding until he is over 18 months old to solidify his recovery from the earlier lack of weight gain.

The health benefits of breastfeeding are well documented. The World Health Organization recommends that infants continue to breastfeed, along with receiving complementary foods, up to 2 years of age. World Health Organization, Continued Breastfeeding for Healthy Growth and Development of Children (July 2017),

https://www.who.int/tools/elena/bbc/continued-breastfeeding (accessed Sept. 3, 2026). Breastfeeding promotes "optimal growth and development of the infant," reduces the risk of obesity and diabetes in children, may be linked to higher IQ, and reduces the risk of certain cancers and diseases for mothers as well. Between the ages of 12 and 23 months, breast milk can provide 35–40% of a child's energy needs along with essential nutrients and immune protection. *Id.* Although Ms. Hartley would ideally like to continue breastfeeding until S is 2 years old, a 90-day stay will at least allow S to continue breastfeeding until he reaches the 18-month mark, followed by gradual weaning at that time to avoid the physical and emotional difficulties of abrupt discontinuation.[1]

The second basis for requesting a 90-day stay of self-surrender is to allow Ms. Hartley time to dismiss her direct appeal and prepare a motion to vacate her conviction and sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel in connection with her guilty plea and her sentence. Although this request comes just a week before her self-surrender date, the delay is not attributable to Ms. Hartley. Rather, she only received the necessary legal advice within the last several weeks. Undersigned counsel was appointed to the direct appeal in this case on June 12, 2026, but was unable to review the record and advise Ms. Hartley regarding the viability of a direct appeal until two months later, on August 18, 2026. See Declaration of Counsel, filed herewith. After full consultation, Ms. Hartley wishes to voluntarily dismiss her direct appeal and proceed directly to a 28 U.S.C. § 2255 motion. *Id.* Based on counsel's

[1] Ms. Hartley current nurses several times during the day and throughout the night. Weaning will take several weeks, at least. Relatedly, she has contacted the Bureau of Prisons to ensure that she will be provided a breast pump and other necessary supplies upon her self-surrender to custody, but she has received no assurance that this need will be met.

preliminary assessment, Ms. Hartley appears likely to have facially viable ineffective assistance of counsel claims that go to her sentence as well as her underlying conviction. *Id.*

The Court does not need to consider, at this stage, whether Ms. Hartley's ineffective assistance of counsel claims will be meritorious. The only relief requested here is a 90-day stay of surrender, not release pending resolution of the § 2255 motion. The short delay will give Ms. Hartley sufficient time to at least present her claims to the Court before she has served the bulk of her sentence. If, upon filing, the Court finds the claims to have potential merit, the Court can determine whether to grant release for the pendency of that motion. See *Hensley v. Municipal Court*, 411 U.S. 345, 352 (1973) (stating that courts have authority to order "petitioner's release pending consideration of his habeas corpus claim"); *accord Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987). Alternatively, if the claims lack merit, the Court can deny any further extension. But without the extension requested here, Ms. Hartley's ineffective assistance of counsel claims will likely become moot—at least as to sentencing—before they can ever be filed.

**Conclusion**

Although the need to continue breastfeeding S to ensure his healthy growth is, on its own, a sufficient basis to extend Ms. Hartley's self-surrender date by 90 days, the requested relief is bolstered by the delayed advice Ms. Hartley received regarding her direct appeal. The short extension requested will give her the time needed to present ineffective assistance of counsel claims that would otherwise quickly become moot.

Dated: September 3, 2026.

*/s/ Elizabeth G. Daily*
Elizabeth G. Daily, OSB #111758